UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| RACHEL GUIMOND | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:10-CV-00037-JAW |
| SOCIAL SECURITY ADMINISTATION COMMISSIONER, | ) ) ) ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES**

Rachel Guimond seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, following a successful appeal from the denial of her application for benefits under Title II and Title XVI of the Social Security Act. The Commissioner opposes the motion, arguing that the decision to defend the administrative law judge's ruling was substantially justified. The Commissioner does not argue for a reduction in the amount of fees sought ($7,335.00), apparently conceding that the hourly rates and the number of hours in the itemization are reasonable. Nevertheless, the hours requested are excessive. I recommend that the application be granted and that attorney time and paralegal time be compensated in the amount of $5,535.00.

### LEGAL STANDARD

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified":

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The First Circuit has explained that a fee-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. This boils down to a burden of showing that its position was "justified in substance or in the main," as in justified "to a degree that could satisfy a reasonable person." Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

### DISCUSSION

Guimond asserts prevailing party status by virtue of securing a remand. (EAJA App. at 1, Doc. No. 25.) The Commissioner objects to a fee-shifting award on the ground that its denial of the claimant's claims was substantially justified. (Def.'s Opp'n at 1, Doc. No. 26.)

**A.   Substantial Justification**

The Commissioner does not dispute that Rachel Guimond is the prevailing party in this litigation. See Shalala v. Schaefer, 509 U.S. 292, 302-303 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 101-102 (1991). Instead, the Commissioner argues that his Administration was substantially justified in proceeding as it did and that the court misapplied the law and intruded into the administrative law judge's domain in respect to what inferences could be drawn from the expert opinions of record. (Def.'s Opp'n at 6-9.)

The Court's remand order was based on an assessment that the administrative law judge's rejection of a vocational limitation tied to interaction with supervisors was unpersuasive. That conclusion depended on a review of multiple expert assessments and a longitudinal record that,

2

ultimately, did not reasonably support the judge's reliance on a consulting expert whose opinion was, objectively, out of step with the weight of the record evidence, both in respect to diagnoses and in respect to functional capacity. Combined with the judge's failure to adequately discuss the limitation in question, this shorthand reference to one expert whose views were otherwise at odds with the judge's was found to fall short of the substantial evidence standard. In the context of the present application, the Commissioner's litigation position was not substantially justified.

**B.    Scope of Award**

A fee-shifting award under the EAJA is appropriately reduced in scope to account for the prevailing party's relative degree of success. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1478-79 (1st Cir. 1989). A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action. Id. at 1479. A district court "should . . . equitably reduce the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's *reasonable* position." Id. at 1480.

Although the Commissioner has failed to contest the amount of counsels' fee application, the request is excessive. Counsels' statement of errors included an argument that was not successful and, moreover, the nature of the issue that generated the remand order was not exceedingly complex. Despite these characteristics, counsels' fee application asserts roughly 50 hours of attorney effort. Lead counsel has discounted this number to 40 hours, voluntarily, but I fail to see why this litigation would have required greater than 30 hours of attorney time. This allows for some additional hours beyond what is customarily reported by counsel in routine cases, recognizing that this case involved a larger than average record. Using counsels' requested rate for attorney work and paralegal work, this would yield an award of $5,535.00.

3

## CONCLUSION

Because the Commissioner's position was not substantially justified, I RECOMMEND that the Court GRANT Plaintiff's EAJA Application. Because the application is excessive in relation to the number of hours billed for the challenge that resulted in the remand order, I further RECOMMEND that the award issue in the amount of $5,535.00.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 25, 2011

4