IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| RACHAEL M. GUIMOND, )<br>    Plaintiff, )<br>         )<br> v.         )<br>          )<br>MICHAEL J. ASTRUE, )<br>Commissioner,      )<br>Social Security Administration, )<br>    Defendant. )<br>_____) | Civil No. 1:10-cv-00037-JAW |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND ORDER ON PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS FEES**

No objection having been filed to the Magistrate Judge's Recommended Decision filed July 25, 2011, the Recommended Decision is accepted. Pursuant to the power of this Court to award fees to a prevailing party other than the United States incurred by that party in a civil action against the United States, including proceedings for judicial review of agency action, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and in light of this Court's March 8, 2011, Judgment and Order remanding this case to the defendant Commissioner for further administrative proceedings, the Court GRANTS Plaintiff's EAJA Application in the amount of five thousand five hundred thirty-five Dollars ($5,535.00) and Plaintiff's Supplemental EAJA Application in the amount of four hundred sixty-seven dollars and fifty cents ($467.50).

IT IS HEREBY ORDERED that the United States Social Security Administration shall pay attorney's fees in the amount of Six Thousand and Two dollars and Fifty cents ($6,002.50) in full satisfaction of any and all attorney's fee claims Plaintiff may have in this case under the Equal Access to Justice Act. Pursuant to the United States Supreme Court's ruling in

<u>Commissioner of Social Security v. Ratliff</u>, 130 S.Ct. 1251 (2010), these attorney fees are payable to Plaintiff as the prevailing party, and are subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the government. If, subsequent to the entry of this Order, the Commissioner determines that Plaintiff owes no debt to the government that would subject this award of attorney's fees to offset, the Commissioner may honor the Plaintiff's January 27, 2009 signed assignment of EAJA fees providing for payment of the subject fees to Plaintiff's counsel, rather than to Plaintiff. If, however, Plaintiff is discovered to owe the government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to Plaintiff rather than to counsel.

SO ORDERED this 6th day of September, 2011.

/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF U.S. DISTRICT JUDGE